City Council of the City of Crockett et al. v. The Board of
Trustees for the Independent School District of the
City of Crockett.

Decided December 8, 1906.

School Tax—Discretion of School Trustees.

By the provisions of the Act of 1905 full and absolute control and management of the public schools in an independent school district is conferred upon the trustees of such district, and when they have exercised their discretion as to the rate of tax necessary for the maintenance of the schools it can not be questioned by the city council of a city constituting such district.

Appeal from the District Court of Houston County. Tried below before Hon. Benj. H. Gardner.

*Moore & Adams,* for appellant.

*A. A. Aldrich,* for appellee.

PLEASANTS, Associate Justice.—This is a suit for mandamus brought by the appellees to compel the levy, assessment and collection for the maintenance of the public schools of said district for the scholastic year 1905 and 1906, of a tax of 50 cents on each $100 valuation of property in the city of Crockett subject to taxation for the year 1905.

The material allegations of defendants answer are as follows: "Defendants say that for a number of years the city council of the city of Crockett, has annually made a levy of taxes for the maintainance of the public free school within said district, of thirty-five cents on the one hundred dollars worth of property, which was sufficient to maintain the said schools, for eight months in each year, and have a surplus remaining of about five hundred dollars at the close of the term. That on the 12th day of December, 1904, the city council made a levy of thirty-five cents on the one hundred dollars worth of property within the said district for the maintainance of the said schools for the years 1905 and 1906, which they say, was and is sufficient to so maintain the said schools for the said terms. That such had been the custom of the council, and there had never at any time before been any request made

by the school board for any levy whatever. That subsequent to the said levy the taxes were assessed by the city marshal, and quite a number of taxes had been collected. That the board of trustees knew of the said levy, and with such knowledge, had made contracts with teachers, and for the other necessary expenses for the year 1905-6. That the city council well knowing the value of the taxable property in the district, and knowing the expenses as shown by the contracts so made by the said board of trustees, knew that the levy of thirty-five cents would more than run the said schools for the current year of 1905-6, and did on the 12th day of June, 1905, and after some taxes had been collected, and when the first request was made on them, refuse to make the additional levy of fifteen cents on the one hundred dollars worth of property. Defendants deny that there is any authority for more than one levy of the taxes to be made for any one year. That the levy having been made and acquiesced in by the trustees for more than six months, the request came too late. That if the levy as made is sufficient to maintain the said schools for ten months, according to the expenses contracted for, and leave a surplus in the treasury, such an additional levy would not be warranted or authorized by law. Wherefore defendants pray that proof be heard and that defendants have their judgment for costs, and that the writ of mandamus as prayed for be refused."

The trial in the court below resulted in a judgment in favor of appellees granting the mandamus as prayed for.

The following are the material facts disclosed by the record: The city of Crockett has been since 1890 duly incorporated under the general laws of the State of Texas as a city of more than one thousand inhabitants, and the appellants are the mayor, members of the board of aldermen, city secretary and city assessor and collector of taxes for said city. The public schools of said city have been since the year 1902 under the control of a board of trustees elected by the qualified voters of the city and the appellees are the members of said board. The levy of a tax for the maintenance and support of the public schools in said city not to exceed fifty cents on the $100 worth of taxable property in the city was authorized by a vote of the qualified voters of the city at an election held for that purpose in the year 1890. From the year last named up to and including the year 1899 a tax of fifty cents on the $100 was levied for school purposes. From 1899 up to the present time the tax so levied was only thirty-five cents on the $100, and the board of trustees has not heretofore complained that such levy was insufficient. On the 12th day of December, 1904, the city council, without any request from the board of trustees, levied a tax of thirty-five cents on each $100 worth of taxable property in the city for the maintenance of public schools for the year 1905. Some time in May, 1905, the board of trustees passed an order to the effect that a tax of fifty cents on the $100 was necessary for the maintenance of said schools and requested the city council to make a levy of that amount. This request was not presented to the council until June 12, 1905, when it was refused.

The defendants attempted to show by the testimony of one of the members of the board of trustees that a tax of fifty cents on the $100 worth of taxable property in the city would produce more revenue than was required for the support of the schools and that the thirty-five

cent tax was sufficient. The testimony on this issue is indefinite and somewhat confusing, but it appears therefrom with reasonable certainty that if all of the taxes levied should be collected and the board of trustees employed no additional teachers and made no improvements or repairs the schools might be maintained on the thirty-five cent tax and the amounts received from the state and county. It further appears, however, that the revenue derived from this tax for the preceding two years was not sufficient to maintain the schools, and as a consequence there is an indebtedness due by the school district of several hundred dollars.

The only proposition presented by appellants' assignments of error is that the additional tax of fifteen cents being unnecessary the city council was not required to comply with the request of the board of trustees and make a levy of fifty cents in lieu of the thirty-five cent levy previously made.

By an act of the Legislature passed in 1900 it is provided that, "in such cities and towns as may now or hereafter constitute independent school districts, and where a special tax for school purposes has been voted by the people or provided by special charter not exceeding one-half of one percent, it shall be the duty of said board of trustees to determine what amount of said taxes within the limit voted by the people or fixed by special charter will be necessary for the maintenance of the schools for each current year, and it shall become the duty of the city council upon the requisition of the said board of trustees to annually levy and collect said tax as other taxes are levied and collected."

In 1905 the Legislature passed an Act providing for a complete system of public free schools which was intended to condense and put into one law of convenient access all of the previous Acts of the Legislature relating to the public free schools. In section 168 of this Act, in defining the powers of boards of trustees of independent school districts, the provisions of the Act of 1900, above quoted, are reenacted in the exact words of the former Act. Other portions of the Act of 1905 provide for an election by the voters of an incorporated city to determine whether the public schools in such city shall be under the control of the city council or a board of trustees, and in explicit terms confers upon the board of trustees, when that method of administration of the schools has been adopted by the voters, full and absolute control and management of the public schools within such city.

We think the provisions of the statute above quoted clearly show that it was the purpose of the Legislature to leave it entirely to the discretion of the board of trustees to determine what amount of taxes within the authorized limit should be levied for school purposes for each year, and when the amount necessary to be levied has been determined by such board the question of whether the discretion of the board has been properly exercised can not be raised by the city council, but it becomes the duty of that body when requisition is made upon it to levy the amount of taxes determined by the board of trustees to be necessary. (Kennedy v. Birch et al., 74 S. W. Rep., 593.)

We are of opinion that the judgment of the trial court should be affirmed and it is so ordered.

*Affirmed.*